IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WALTER PATRICK, #109647, Petitioner, | ) ) ) ) | |
| v. | ) ) | Civil Action No. 16-0525-CG-N |
| WARDEN THOMAS, Respondent. | ) ) ) | |

## REPORT AND RECOMMENDATION

Petitioner, Walter Patrick, an Alabama prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 9). [1] The Respondent, through the Office of the Attorney General of the State of Alabama, has timely filed an Answer to the petition with exhibits (Doc. 10), and Petitioner has responded. (Docs. 13-14). At the conclusion of this briefing, the Court entered an order to show cause as to why the petition should not be dismissed as untimely pursuant to 28 U.S.C. § 2244(d) (Doc. 16), and Petitioner filed a timely response (Doc. 17).

Under S.D. Ala. GenLR 72.2(b), the petition has been referred to the undersigned Magistrate Judge for entry of a recommendation as to the appropriate disposition, in accordance with 28 U.S.C. § 636(b)(1)(B)-(C), Rule 8(b) of the Rules Governing § 2254 Cases in the United States District Courts, and S.D. Ala. GenLR 72(a)(2)(R). Upon consideration, the Court **RECOMMENDS** that the petition be **DISMISSED** as time barred.

---

[1] Petitioner initially filed his habeas petition on October 3, 2016 (Doc. 1), on an outdated form. This Court ordered Petitioner to re-file his petition on the correct form resulting in the current operative petition. (Doc. 9).

## I. Background

On April 21, 2004, following a jury trial, Patrick was convicted of first degree sodomy in the Circuit Court of Washington County, Alabama. (Doc. 5 at 2). On June 2, 2004, he was sentenced to thirty years imprisonment. (Doc. 10 at 1). Patrick appealed his conviction to the Alabama Court of Criminal Appeals, and on September 23, 2005, the Alabama Court of Criminal Appeals affirmed Patrick's conviction. (Doc. 10-1 at 1; Doc. 10-7; Doc. 10-9). On October 21, 2005, the Court of Criminal Appeals overruled the Patrick's Petition for Rehearing. (Doc. 10-10; Doc. 10-11). On November 5, 2005, Patrick filed a Petition for Writ of Certiorari to the Alabama Supreme Court (Doc. 10-12), which was denied on December 9, 2005. (Doc. 10-13). Both the Alabama Supreme Court and the Alabama Court of Criminal Appeals entered Certificates of Judgment the same day, December 9, 2005. (Docs. 10-13 and 10-14).

Nearly four years later, on September 8, 2009, Patrick filed an untimely Alabama Rule of Criminal Procedure 32 ("Rule 32") petition and motion for enlargement of time to file his Rule 32 petition in state court. (Doc. 10-19 at 3-4). Ultimately, the trial court determined Patrick was entitled to equitable tolling but denied the motion on the merits.[2] On October 7, 2015, the Alabama Court of

---

[2] On September 15, 2009, the trial court granted Patrick's motion for enlargement of time. *Id*. On June 4, 2010, the trial court determined Patrick's Rule 32 petition was time barred. *Id*. An appeal followed and before addressing the merits of his Rule 32 petition, on December 3, 2010, the Alabama Court of Criminal Appeals remanded Patrick's case to the state court on for clarification as to whether the state court, in granting Patrick's motion for time, had determined that equitable tolling was warranted. (Doc. 10-19 at 5). On remand, the court entered an order clarifying that equitable tolling was not applicable. (*Id*.) On March, 25, 2011, the Alabama Court of Criminal Appeals reversed and remanded Patrick's case after determining that Patrick's Rule 32 petition should not have been denied as time-barred because Patrick had demonstrated that he was entitled to equitable tolling. (Doc. 10-19).

2

Criminal appeals entered a Certificate of Judgment. (Doc. 10-31).

On October 3, 2016, Patrick filed his initial habeas petition (Doc. 1), which has been superseded by the instant petition (Doc. 9). Petitioner identifies the grounds on which habeas relief is due, as follows: (1) ineffective assistance of counsel and (2) newly discovered evidence. (Doc. 9 at 6-7). In response to Paragraph 19, which requires a Petitioner to explain why his/her claim is not time-barred, Patrick wrote "N/A". (Doc. 9 at 11). In his brief attached to his habeas petition, Patrick asserts that AEDPA "prescribes a one year limitation from the final conclusion of proper [sic] filed application for state post-conviction the final conclusion concerning the denial of Mr. Patrick's Rule 32, petition was Aug. 7th (2015)."[3] (Doc. 9-1 at 9). Patrick also asserts he is actually innocent. (*Id*. at 4-5).

On February 21, 2017 the State of Alabama filed a timely Answer to Patrick's habeas petition asserting, among other things, that Patrick's petition is time-barred. (Doc. 10). Patrick filed a Response to Respondent's Answer on April 14, 2017. (Doc. 14). Therein, Patrick reiterated the grounds for his habeas petition, denied that his claim is barred, and, again claimed he is actually innocent. (*Id.*, generally). On August 25, 2017, the Court entered an order providing Petitioner

---

On April 8, 2011, the State of Alabama filed an application for rehearing (Doc. 10-20), which was overruled on May 13, 2011. (Doc. 10-21). On May 27, 2011, the State filed a Writ of Certiorari, which was quashed on April 6, 2012. (Docs. 10-22 and 10-23). On April 25, 2012, the Alabama Supreme Court entered a Certificate of Judgment. (Doc. 10-24).

On September 24, 2014, the trial court denied Patrick's Rule 32 Petition on the merits. (Doc. 10-25 at 65-66). On November 4, 2014, Patrick appealed to the Court of Criminal Appeals on and the appeals court affirmed the decision on August 7, 2015. (Doc. 10-25 at 67; Doc. 10-30). On September 18, 2015, the Alabama Court of Criminal Appeals overruled' Patrick's Petition for Rehearing. (Doc. 10-31). He did not file a petition for writ of certiorari in the Alabama Supreme Court. On October 7, 2015, the Alabama Court of Criminal appeals entered a Certificate of Judgment. (Doc. 10-31).

[3] August 7, 2015 is the date on which the Alabama Court of Criminal Appeals affirmed the trial court's denial of Petitioner's Rule 32 petition. (Doc. 10-25 at 67; Doc. 10-30).

3

with another opportunity to address and provide grounds for his claim of actual innocence. (Doc. 16). Patrick timely filed a response. (Doc. 17).

## II. DISCUSSION

Through his § 2254 petition, Patrick alleges that his conviction should be vacated or his sentence reduced. (Doc. 9). The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101 (Supp. II 1997) ("AEDPA"), which became effective on April 24, 1996, provides that a petitioner has one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A). The statute specifically provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Where a defendant convicted in state court fails to pursue any direct appeal, his conviction is considered "final" for purposes of § 2244(d)(1)(A)

when the time lapses under state law for the defendant to have filed an appeal; in Alabama, the time to appeal is forty-two (42) days after entry of the final judgment. *McCloud v. Hooks*, 560 F.3d 1223, 1228 (11th Cir. 2009); *see also* Ala. R. App. P. 4(b)(1). Here, Patrick filed a direct appeal, and on December 9, 2005, both the Alabama Supreme Court and the Alabama Court of Criminal Appeals entered Certificates of Judgment pertaining to that appeal. (Docs. 10-13 and 10-14). On March 9, 2006, 90 days after the entry of judgment, his conviction became final as his time to file a writ of certiorari to the United States Supreme Court expired. *See McCloud v. Hooks,* 560 F.3d 1223, 1227 (11th Cir.2009); *Pugh v. Smith,* 465 F.3d 1295, 1299 (11th Cir. 2006)*. Accordingly, the AEDPA statute of limitations began to run on March 10, 2006, and the time for Patrick to file a habeas petition expired March 10, 2007, approximately nine years before Patrick filed the subject petition. Pursuant to § 2244(d)(1), Petitioner's § 2254 petition is untimely. Despite this, Petitioner argues that he is entitled to tolling of the limitations period.

### A. Petitioner is Not Entitled to Statutory Tolling

Once the federal statute of limitations is triggered and begins to run, it can be tolled in two ways: through statutory tolling or equitable tolling. *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008). Statutory tolling arises from 28 U.S.C. § 2244(d)(2), which tolls the one-year limitation period during the pendency of "a properly filed application for State post-conviction or other collateral review" of the underlying judgment. *See also McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009). "However, the pendency of properly filed state post-conviction proceedings only *pauses* § 2244(d)(1)'s one-year clock; it does not *reset* it." *Roby v.*

*Mitchem*, No. 11-2197, 2012 WL 1745529 at * 3 (N.D. Ala. May 1, 2012) (citing *Trapp v. Spencer*, 479 F.3d 53, 58-59 (1st Cir. 2007); *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)); *see McCloud*, 560 F.3d at 1227.

Patrick argues that his one-year AEDPA statute of limitations did not begin to run until August 7, 2015, at the conclusion of his Rule 32 Petition that was filed on August 28, 2009. (Doc. 9-1 at 9). According to Patrick, he is entitled to statutory tolling pursuant to § 2244(d)(2) due to the pendency of his state court collateral review. Patrick filed his Rule 32 Petition on August 28, 2009, more than two years after the AEDPA clock lapsed. Moreover, even though Patrick's Rule 32 was ultimately decided on the merits after the Alabama Court of Criminal Appeals determined Patrick was entitled to equitable tolling, such a decision did not dictate that Patrick's Rule 32 petition was properly filed and pending for purposes of tolling the AEDPA statute of limitations, prior to August 28, 2009. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003)("[W]e hold that the petitioner's belated appeal motion was not pending during the limitations period. The statutory tolling provision does not encompass a period of time in which a state prisoner does not have a 'properly filed' post-conviction application actually pending in state court. A state application filed after expiration of the limitations period does not relate back so as to toll idle periods preceding the filing of the federal petition ... While a 'properly filed" application for postconviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-

6

year limitations period if such period has expired."). The Eleventh Circuit also observed,

> …[A] difference exists between giving a petitioner credit for time needed to exhaust his state remedies prior to filing a federal habeas petition and "retroactively" tolling periods in which the petitioner is not attempting to exhaust state remedies. Such an interpretation would permit a petitioner to avoid the preclusive effect of a time-bar ruling by allowing a belated appeal beyond the one-year statute of limitations. This would be contrary to the purposes of the AEDPA.

*Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003). Patrick's one year § 2244 limitation period expired roughly two years before he filed his Rule 32, and approximately nine years before this § 2254 petition was filed. As a result, Patrick is not entitled to statutory tolling and his petition is time-barred.

### B. Petitioner is Not Entitled to Equitable Tolling

The Eleventh Circuit has stated:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269[, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly. *See Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

*Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). The Eleventh Circuit has also held:

> [M]ere attorney negligence is not a basis for equitable tolling. *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1313 (11thCir. 2001); *Steed v. Head*, 219 F.3d 1298, 1300 (11thCir. 2000); *Sandvik v. United States*, 177 F.3d 1269, 1271-72 (11th Cir. 1999). Moreover, even if a prisoner shows that extraordinary circumstances" occurred, the prisoner must still establish that he acted with due diligence in order to be entitled to equitable tolling. *See Helton*, 259 F.3d at 1313.

7

*Powe v. Culliver*, 205 F. App'x. 729, 732 (11th Cir. 2006). As a general rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." *Helton v. Secretary of Dept. of Corrections*, 259 F.3d 1310, 1314 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080 (2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286-87 (11th Cir. 2002).

Patrick does not argue that his petition was untimely due to excusable neglect, or present any arguments in favor of equitable tolling. As such, the Court finds that no showing of due diligence, coupled with extraordinary circumstances has been made. Thus, Petitioner is not entitled to equitable tolling.

### C. Petitioner Has Not Demonstrated Actual Innocence

Patrick asserted an actual innocence claim based on new evidence, *i.e.*, his passing of a polygraph test and a recantation by the victim. The Supreme Court has held that a petitioner's showing of "actual innocence" under *Schlup v. Delo*, 513 U.S. 298 (1995), can overcome the expiration of AEDPA's statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). *Accord, e.g., Tamayo v. Stephens*, 740 F.3d 986, 990 (5th Cir. 2014) (*per curiam*) ("In [*McQuiggin v.* ]*Perkins* the Court concluded that a properly supported claim of actual innocence of the crime charged could excuse the failure to comply with the statute of limitations of the Anti–Terrorism and Effective Death Penalty Act ('AEDPA') for a first-time habeas petition."). The Court "caution[ed], however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement

unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 133 S. Ct. at 1928 (quoting *Schlup*, 513 U.S. at 329). *See also Gore v. Crews*, 720 F.3d 811, 817 (11th Cir. 2013) (*per curiam*) ("*McQuiggin*…hold[s] that there is an 'equitable exception' to the statute of limitations applicable to habeas claims, 28 U.S.C. § 2244(d), but only when the petitioner presents new evidence that 'shows it is more likely than not that no reasonable juror would have convicted the petitioner.' *Id.* at 1931, 1933 (alteration and quotation marks omitted)."). The Court "stress[ed]…that the *Schlup* standard is demanding" and that "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin*, 133 S. Ct. at 1936 (quoting *Schlup*, 513 U.S. at 316).

Neither Patrick's petition nor his Responses satisfied the threshold requirement for tolling the statute of limitations based on an actual innocence claim. More specifically, the polygraph test to which Patrick refers is not new evidence, but rather, was in existence at the time of his trial. Further, with regard to the alleged recantation, the Alabama Court of Criminal of Appeals, noted that "at the time [the victim] executed her affidavit, she had recently separated from her husband and explained that the only place she had to go was her mother's house. According to [the victim], after [Patrick]'s trial, her 'family had basically shunned [her].' The victim explained that, after she separated from her husband and went back to her family, her mother took her to [Patrick]'s attorney's office to sign the

9

affidavit in order 'to make things right.'" (Doc 10-30 at 8-9). The trial court also found that the victim's alleged recantation was not a truthful recantation. Rather the court found that it was the result of pressure from her family to recant her allegations against Patrick (also a family member). (Doc. 9-1 at 28-29; Doc. 10-25 at 65-66; Doc. 10-30). Like the polygraph, the alleged recantation is not new evidence in light of which no reasonable juror would have convicted Patrick.

Despite this, the Court gave Patrick an additional opportunity to properly establish that his petition is not time-barred. (Doc. 16). The Court has reviewed Patrick's response. (Doc. 17). Again, Patrick has failed to raise any grounds establishing the actual innocence exception. Rather, he makes conclusory statements that reiterate arguments he has already raised, none of which are sufficient to justify tolling of the statute of limitations.

As a result, the undersigned finds that Patrick is not entitled to statutory tolling of the limitations period to make his claim timely. He is also not entitled to equitable tolling, since he has not established any "extraordinary circumstance" which prevented him from seeking § 2254 relief. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008). Further, he has failed to satisfy his burden with regard to the actual innocence exception. Thus, the claims and petition brought by Patrick are barred by the AEDPA statute of limitations, and his present habeas petition is due to be **DISMISSED with prejudice.**

## III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the undersigned **RECOMMENDS** that a certificate of appealability in this case be **DENIED**. 28 U.S.C. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)).). In the present action, Petitioner's habeas petition is unquestionably time-barred under AEDPA, and he has indisputably failed to demonstrate either entitlement to equitable tolling of the statute of limitations or actual innocence excusing the expiration of the statute of limitations.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011)[4]; *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 W: 3943699 (N.D. Oct. 5, 2010).

## IV. Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). In other words,

---

[4] It should be noted that in that proceeding, the Eleventh Circuit (Judge Hull) also denied the petitioner's motion for certificate of appealability on October 11, 2011. (*See* Doc. 14 in CA-11-0165-WS-C.)

[a] party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

Considering the foregoing analysis, the undersigned **RECOMMENDS** the Court certify that any appeal by Patrick in this action would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[5]

### V. CONCLUSION

In accordance with the foregoing analysis, it is **RECOMMENDED** that Patrick's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 9) be **DISMISSED with prejudice** as time-barred, that final judgment be entered accordingly in favor of the Respondent, and that the Court find Patrick is not entitled to either a Certificate of Appealability or to appeal *in forma pauperis*.

---

[5] Should the Court adopt this recommendation and deny leave to appeal *in forma pauperis*, the petitioner may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

## VI. NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **6th** day of **December 2017**.

*/s Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**